UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRIS J. RAYMOND,<br><br>Plaintiff,<br><br>v.<br><br>REGISTRY OF MOTOR VEHICLES,<br><br>Defendant. | Civil Action No. 25-30022-MGM |

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR HEARING
(Dkt. Nos. 21 & 24)
January 13, 2026

MASTROIANNI, U.S.D.J.

Chris J. Raymond ("Plaintiff"), acting *pro se*, brings this action against the Massachusetts Registry of Motor Vehicles ("RMV" or "Defendant"), alleging claims arising from Defendant's suspension of Plaintiff's Massachusetts driver's license. (Compl., Dkt. No. 1.) Defendant filed a motion to dismiss Plaintiff's Complaint, arguing this court (1) lacks jurisdiction pursuant to the Eleventh Amendment and the *Rooker-Feldman* doctrine, and (2) the facts alleged by Plaintiff do not support double jeopardy or due process claims. (Dkt. No. 21.) In his opposition, Plaintiff supplemented some of the factual allegations in his Complaint. He also asserted that his claims fall within the *Ex parte Young* exception to the Eleventh Amendment and that the *Rooker-Feldman* doctrine is inapplicable because he is challenging actions taken by the RMV, not seeking review of a state court decision. Plaintiff has also filed a Motion to Fix Case for Status Conference. (Dkt. No. 24.) For the reasons that follow, the court will grant Defendant's Motion to Dismiss and find moot Plaintiff's Motion to Fix Case for Status Conference.

1

## II.    MOTION TO DISMISS

Federal courts are courts of limited jurisdiction and as such can only act where they have subject matter jurisdiction. "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). Generally, jurisdictional questions raised pursuant to Rule 12(b)(1), including Eleventh Amendment sovereign immunity issues, are resolved prior to the court addressing merits arguments raised under Rule 12(b)(6). *Mulero-Carrillo v. Román-Hernández*, 790 F.3d 99, 105 (1st Cir. 2015).

Should the court determine subject matter jurisdiction exists, a complaint is also subject to dismissal under Rule 12(b)(6), unless it alleges facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, to survive a motion to dismiss, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor, but "do[es] not credit legal labels or conclusory statements." *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022).

## III.    SPECIAL CONSIDERATIONS APPLICABLE TO COMPLAINTS FILED BY PRO SE PLAINTIFFS

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st

Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890.

### IV. PLAINTIFF'S STATEMENT OF HIS CLAIMS[1]

The facts alleged in Plaintiff's Complaint are as follows. Plaintiff is a disabled veteran. ((Compl., Dkt. No. 1, 6.) Approximately twelve years ago, the RMV suspended Plaintiff's driver's license,[2] and his license continues to be suspended. (*Id.*) On an unspecified date prior to the suspension, a judgment entered against Plaintiff in Greenfield District Court for Operating Under the Influence ("OUI") on or about July 1, 2012 (*Id.* at 6-7.) The district court judgment designated the OUI as a second offense. (*Id.* at 6.) Plaintiff previously had an OUI offense in January 1991 and has a record of refusing chemical tests to determine his blood alcohol on May 9, 1992, October 22, 1992, and July 1, 2012. (*Id.* at 7.) Although the Greenfield District Court ruling designated the 2012 OUI as a second offense, the RMV subsequently determined that Plaintiff had three offenses and suspended his license. (*Id.* at 6.) Plaintiff was not "served any documents or paperwork from the State Police or the [RMV]" before his license was suspended. (*Id.*) In his opposition to Defendant's Motion to Dismiss, Plaintiff describes a previous, unsuccessful effort to challenge the suspension through an administrative proceeding. After the RMV suspended Plaintiff's license, he continued to work, but he could not receive promotions because he lacked a valid driver's license. (*Id.* at 7.) In 2022, he retired from his career for health reasons. (*Id.*)

Plaintiff claims Defendant violated his right to due process secured by the Fifth and Fourteenth Amendments when it suspended his Massachusetts driver's license. He also contends he

---

[1] As required at this stage, the court considers, and credits, the factual allegations contained in Plaintiff's Complaint.
[2] Plaintiff does not specify the date his license was suspended, though his timeline and request for damages suggest the suspension occurred approximately twelve years before he filed his Complaint.

3

was subjected to a malicious prosecution in violation of Massachusetts law. Plaintiff seeks more than $336,000 in monetary damages from the RMV, and an order requiring the RMV to (1) reinstate his license without requiring payment of fines or installation of an ignition interlock device and (2) remove entries in his driving record for the three chemical test refusals and two OUIs. (*Id.* at 4, 7.)

## V.  DISCUSSION

"The Eleventh Amendment bars a state from being sued in federal court by its own citizens, citizens of another state, or citizens of a foreign nation." *Cotto v. Campbell*, 126 F.4th 761, 767 (1st Cir. 2025). Suits against state agencies are also barred. *Id.* In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a "critical exception" to Eleventh Amendment immunity that "permits federal courts to issue prospective relief that enjoins state officials from committing future violations of federal law, but not retrospective relief that makes reparation for the past." *Cotto*, 126 F.4th at 767 (internal quotations and alterations omitted). In order to fit within the exception, a plaintiff must both (1) allege a state official is violating federal law on an ongoing basis and (2) seek a prospective remedy. *Id.* at 767-68. Even construed in the light most favorable to Plaintiff, his claims do not fit within the *Ex parte Young* exception to Eleventh Amendment immunity.

Plaintiff has brought his claim directly against a state agency, the Massachusetts RMV, rather than an individual official. He alleges a past violation of federal law—due process violations when his license was the suspended approximately twelve years ago—rather than an ongoing violation of federal law. Any argument that the continued suspension of his license is itself an ongoing violation is foreclosed by case law establishing that a continued failure to return wrongfully withheld property does not convert a past breach of federal law into "an ongoing violation for *Ex parte Young* purposes." *Id.* at 769. Finally, Plaintiff seeks money damages, which are a form of retrospective relief outside the scope of *Ex parte Young*. Having determined Plaintiff's claims against the RMV do not fall within the

*Ex parte Young* exception to the operation of the Eleventh Amendment, the court concludes it lacks subject matter jurisdiction over Plaintiff's claims.

### VI.  CONCLUSION

For the foregoing reasons, the court hereby ALLOWS Defendant's Motion to Dismiss (Dkt. No. 21). Plaintiff's Motion to Fix Case for Status Conference (Dkt. No. 24) shall be terminated as moot. This case may now be closed.

It is So Ordered.

     /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge